UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                                                   :

TRUSTEES FOR THE MASON TENDERS     :     19 Civ. 9508 (LGS)
DISTRICT COUNCIL WELFARE FUND,       :
PENSION FUND, ANNUITY FUND, AND     :     **OPINION AND ORDER**
TRAINING PROGRAM FUND, et al.,          :
                                                           :
                                     Petitioners,  :
                                                           :
                 -against-                         :
                                                           :
JTL CONSTRUCTION CORP.,                   :
                                           Respondent. :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       Petitioners Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund, John J. Virga and Robert Bonanza seek confirmation of a favorable arbitration award issued October 16, 2018 (the "Award"). Respondent JTL Construction Corporation ("JTL") did not appear in this action and did not oppose the Petition. For the following reasons, the Petition is granted in full.

**I.    BACKGROUND**

       The following facts are taken from the Award and evidence submitted in support of the Petition. JTL entered into the Slow Food Market Lane Project Labor Agreement (the "Agreement") with Petitioners. The Agreement states that JTL is bound by any legally established collective bargaining agreements and local trust agreements found therein. Pursuant to the Agreement, the relevant collective bargaining agreement and trust agreements, JTL agreed to make benefit fund contributions and pay union dues. The trust agreements provide that any claims by one of the Trust Funds for delinquent contributions may be referred by the Fund to arbitration. Arbitration may continue in the absence of one party with the award of the arbitrator

based solely on the evidence presented by the appearing party.  The trust agreements further provide that a delinquent employer may be liable to the Funds for all unpaid contributions due, interest on unpaid contributions, liquidated damages, and attorneys' fees and costs.

According to a preliminary deficiency report, JTL was delinquent in making fringe benefit and other contributions to Petitioners for the period of January 1, 2017, through June 30, 2017.  Petitioners filed a Notice of Intention to Arbitrate on or about September 13, 2018.  The arbitration hearing was held on October 15, 2018, and no representative of JTL appeared.  The arbitrator found that JTL owes delinquent fringe benefits to Petitioners.  On October 16, 2018, the arbitrator issued the Award in favor of Petitioners, finding that JTL owes delinquent fringe benefits totaling $28,571.67.  The Award also requires JTL to pay $2,600 toward attorneys' fees and the arbitration fee.

On October 15, 2019, Petitioners commenced this action to enforce the Award pursuant to Section 301 of the Labor Management Relations Act ("LMRA").  JTL was served with a Summons and Petition on October 17, 2019, and proof of service was filed with the Court on November 12, 2019.  JTL has not appeared in this action and did not respond to the petition.

**II.    DISCUSSION**

    **A.    Confirmation of the Award**

Section 301 of the LMRA "provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Trs. for the Mason Tenders Dist. Council Welfare Fund v. Super, L.L.C.*, No. 16 Civ. 6387, 2017 WL 2703572, at *2 (S.D.N.Y. June 22, 2017) (quoting *Local 802, Assoc. Musicians v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998)). "[G]enerally a district court should treat an unanswered . . . petition to confirm . . . as an unopposed motion for summary judgment." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95,

110 (2d Cir. 2006); a*ccord Drywall Tapers and Pointers of Greater N.Y. Local Union 1974, et al. v. Top Rock Interiors, Inc.*, No. 18 Civ. 7557, 2019 WL 4784750, at \*3 (S.D.N.Y. Sept. 30, 2019)*.*

Though a summary judgment standard is applied to confirmation proceedings, a "federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential -- indeed, among the most deferential in the law." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016). "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *1199 SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park*, 786 F. App'x. 298, 301-302 (2d. Cir. 2019) (summary order) (citation and internal quotations omitted). "It is the arbitrator's construction of the contract and assessment of the facts that are dispositive, 'however good, bad, or ugly.'" *Nat'l Football League*, 820 F.3d at 536 (quoting *Oxford Health Plans, L.L.C. v. Sutter*, 569 U.S. 564, 573 (2013)). The Award should be confirmed as long as it "draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice." *Nat'l Football League*, 820 F.3d at 537 (citation and internal quotations omitted).

Here, no genuine issues of material fact exist. The Petition is uncontested, and the Award draws its essence from the Agreement, which requires JTL to make contributions to certain Trust Funds. The Agreement provides for arbitration as a means of addressing grievances and empowers the arbitrator to award money damages, interest, and attorneys' fees. Thus, the arbitrator acted within the scope of his authority under the Agreement when he found that JTL violated the Agreement. *See id.* at 537 ("If the arbitrator acts within the scope of this authority,

the remedy for a dissatisfied party is not judicial intervention." (quotation marks omitted)); *see also Trs. for the Mason Tenders Dist. Council Welfare Fund v. DCM Grp., L.L.C.*, No. 13 Civ. 1925, 2017 WL 384690, at *4 (S.D.N.Y. Jan. 25, 2017) (confirming arbitration award brought under LMRA § 301 where defendant did not oppose petition and record supported arbitrators' findings).  The Award is confirmed.

      **B.**      **Post-Judgment Interest**

Petitioners also seek post-judgment interest on the full judgment.  28 U.S.C. § 1961(a) provides that "the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."  *Tru-Art Sign Co., Inc. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (citing 28 U.S.C. § 1961(a)) (citation and internal quotations omitted). Accordingly, Petitioners are entitled to post-judgment interest from the date of entry of the Court's judgment, at the rate provided in 28 U.S.C. § 1961.

**III.**      **CONCLUSION**

For the foregoing reasons, Petitioners' motion for confirmation of the Award is GRANTED.  Petitioners are entitled to a total of $31,171.67, consisting of delinquent fringe contributions, dues and PAC contributions, liquidated damages, attorneys' fees, and arbitration fees.  Post-judgment interest on the entire amount will accrue from the date the judgment is entered at the rate provided by 28 U.S.C. § 1961(a).

The Clerk of Court is respectfully directed to close this case.

Dated: May 29, 2020
      New York, New York

                                                           **LORNA G. SCHOFIELD**
                                                       **UNITED STATES DISTRICT JUDGE**